UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00128-MR

| | |
|---|---|
| CHRISTOPHER I. ALLEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| STATE OF NORTH CAROLINA, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon initial review of the Petition for Writ of Habeas Corpus filed on May 12, 2023, pursuant to 28 U.S.C. § 2254 by Christopher I. Allen ("the Petitioner"). [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 3].

**I.   BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina. The Petitioner was convicted of first-degree sex offense of a child in Burke County, North Carolina on January 6, 2017. [Doc. 1 at 1]. The Petitioner was sentenced to a term of 300 to 420 months of imprisonment. [Id.].

The Petitioner filed an appeal of his judgment of conviction, which was dismissed without prejudice to his right to file a Motion of Appropriate Relief

("MAR") in trial court on November 6, 2018. [Id. at 2]; State v. Allen, 262 N.C. App. 284, 821 S.E.2d 860 (2018). The Petitioner then filed an MAR with the Burke County Superior Court[1] on January 23, 2019, which was denied on December 16, 2021. [Id. at 4]. On February 22, 2022, the Petitioner filed a Writ of Certiorari with the North Carolina Court of Appeals; the petition was denied on June 23, 2022. [Id. at 4-5].

The Petitioner filed his § 2254 petition in this Court on May 12, 2023. [Doc. 1 at 1]. In his § 2254 petition, the Petitioner seeks a new trial on the grounds that he was denied his constitutional right to effective assistance of counsel. [Id. at 21].

## II.  STANDARD OF REVIEW

28 U.S.C. § 2254 applies to "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States." Rule 1(a)(1), 28 U.S.C. foll. § 2254. In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is not entitled to relief. Rule 4, 28 U.S.C.A. foll. § 2254.

---

[1] The petition states that this MAR was filed with the Court of Appeals, but because there is no record of this filing on the Court of Appeals docket, this Court will construe this statement to mean the MAR was filed with the trial court. [Doc 1 at 13].

## III. DISCUSSION

### A. Motion to Proceed *In Forma Pauperis*

Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable $5.00 filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The Petitioner's application shows that he has no income or amounts of money in any bank accounts and a $5.15 balance in his inmate trust account. [Docs. 3, 4]. As such, the Court finds that the Petitioner has insufficient funds to pay the required filing fee and his motion to proceed *in forma pauperis* is granted for the limited purpose of this Court's initial review of the § 2254 petition.

### B. Initial Review of § 2254 Petition

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The limitation period is tolled during the pendency of a properly filed state post-conviction action. 28 U.S.C. § 2244(d)(2).

North Carolina's direct review process begins with an appeal from the trial court to the North Carolina Court of Appeals. Once a decision is rendered, a mandate issues and the parties then have 15 days to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review for issues where there is not an appeal of right. See N.C. R. App. P. 14(a), 15(b). The mandate shall issue twenty days after the opinion is filed, unless otherwise ordered. N.C. R. App. P. 32(b). If a notice of appeal or a petition is not filed within 35 days of a decision by the North Carolina Court of Appeals, direct review ends and the conviction becomes final. See Clay v. United States, 537 U.S. 522 (2003) (holding that for federal cases, finality occurs when the time for noticing

review expires).

The Petitioner's judgment of conviction was entered on January 6, 2017. [Doc. 1 at 1]. The North Carolina Court of Appeals dismissed his appeal without addressing the Petitioner's convictions on November 6, 2018. [Id. at 3-4]. The Petitioner's judgment of conviction became final on or about December 11, 2018, 35 days after the North Carolina Court of Appeals dismissed his direct appeal. See Clay, 537 U.S. at 527. The one-year statute of limitations for filing a federal § 2254 petition contained in the AEDPA then began running for 365 days from December 11, 2018. See 28 U.S.C. § 2244(d)(1).

When the Petitioner filed an MAR on January 23, 2019, the one-year limitation was tolled at 43 days until the MAR was denied on December 16, 2021. After another 68 days, on February 22, 2022, the Petitioner filed a writ of certiorari with the North Carolina Court of Appeals,[2] at which point the limitation was tolled at 111 days until the writ was denied on June 23, 2022. The Petitioner then filed this petition 323 days later on May 12, 2023, at which point 434 days had tolled. Therefore, the Petitioner's § 2254 petition filed in this Court on May 12, 2023 was well beyond the statute of limitations

---

[2] While the Petitioner alleges that he filed this writ on February 22, 2022, the Court of Appeals docket lists the date of filing as March 1, 2022. Either filing date would lead to the same result as this Petition being untimely.

and is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to statutory tolling under § 2244(d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.[3]

As such, the Court will grant the Petitioner 21 days in which to explain why this matter should not be dismissed as untimely, including any reasons why the Court should apply statutory or equitable tolling. See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 3] is **GRANTED**.

2. The shall, within 21 days of entry of this Order, file a document explaining why his § 2254 Petition for Writ of Habeas Corpus should not be dismissed as untimely. Failure to comply with this Order shall result in dismissal of the § 2254 Petition.

3. The Clerk of Court is respectfully directed to substitute Todd Ishee, Secretary of the North Carolina Department of Adult

---

[3] "[A] litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Correction as a proper Respondent in this action.

**IT IS SO ORDERED.**

Signed: November 7, 2023

Martin Reidinger
Chief United States District Judge