UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00128-MR

| | |
|---|---|
| CHRISTOPHER I. ALLEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) **MEMORANDUM OF** ) **DECISION AND ORDER** ) |
| TODD ISHEE, Secretary, North Carolina Department of Adult Correction, | ) ) ) ) |
| Respondent. | ) ) |

**THIS MATTER** comes before the Court on the Response filed by the Petitioner on November 30, 2023 [Doc. 6], following this Court's Order [Doc. 5] directing the Petitioner to address why his § 2254 petition should not be dismissed as untimely.

**I.     PROCEDURAL BACKGROUND**

The Petitioner is a prisoner of the State of North Carolina. The Petitioner was convicted of first-degree sex offense of a child in Burke County, North Carolina on January 6, 2017 and sentenced to a term of 300 to 420 months of imprisonment. [Doc. 1 at 1].

The Petitioner filed an appeal of his judgment of conviction raising claims of ineffective assistance of counsel, which was dismissed on November 6, 2018 without prejudice to his right to file a Motion of Appropriate

Relief ("MAR") in state court. [Id. at 2]; State v. Allen, 262 N.C. App. 284, 821 S.E.2d 860 (2018). The Petitioner then filed an MAR with the Burke County Superior Court on January 23, 2019, which was denied on December 16, 2021.[1] [Id. at 4]. On February 22, 2022, the Petitioner filed a Petition for Writ of Certiorari with the North Carolina Court of Appeals, which was denied on June 23, 2022. [Id. at 4-5].

The Petitioner filed his § 2254 petition in this Court on May 12, 2023, raising ineffective assistance of counsel. [Doc. 1]. Upon initial review of the petition, the Court entered an Order directing the Petitioner to show cause why the petition should not be dismissed as untimely. [Doc. 5]. The Petitioner filed his response to the Court's Order on November 30, 2023. [Doc. 6].

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of the date on which the judgment

---

[1] The petition states that this MAR was filed with the North Carolina Court of Appeals. However, there is no record of such filing on the Court of Appeals docket. As such, the Court construes this statement to mean the MAR was filed with the state trial court. [Doc 1 at 13].

2

became final by the conclusion of direct review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled during the pendency of a properly filed application for State post-conviction action. 28 U.S.C. § 2244(d)(2).

The Petitioner's judgment of conviction was entered on January 6, 2017. [Doc. 1 at 1]. The North Carolina Court of Appeals dismissed his appeal on November 6, 2018. [Id. at 3-4]. The Petitioner's judgment of conviction therefore became final on or about December 11, 2018, 35 days after the North Carolina Court of Appeals dismissed his direct appeal. See N.C. R.App. P. Rules 14(a) and 15(b)(15 days to file from the issuance of the Court of Appeals' mandate to file notice of appeal and/or petition for discretionary review in North Carolina Supreme Court) and Rule 32(b)(unless court orders otherwise, mandate issues 20 days after written opinion filed). The one-year statute of limitations for filing a federal § 2254 petition contained in the AEDPA then began running for 365 days from December 11, 2018. See 28 U.S.C. § 2244(d)(1).

The one-year limitation period for seeking § 2254 review may be tolled during the time of a "properly filed application for State post-conviction action." 28 U.S.C. § 2244(d)(2). When the Petitioner filed his MAR on January 23, 2019, the one-year limitation was tolled at 43 days until the MAR

was denied on December 16, 2021. After another 68 days, on February 22, 2022, the Petitioner filed a writ of certiorari with the North Carolina Court of Appeals,[2] at which point the limitation was tolled at 111 days. The appellate court denied the certiorari petition on June 23, 2022. The Petitioner then mailed his § 2254 petition from Tabor Correctional Institution on May 5, 2023, approximately 316 days later, at which point approximately 427 days had tolled. Therefore, the Petitioner's § 2254 petition was beyond the statute of limitations and is subject to dismissal as time-barred under § 2244(d)(1)(A) unless the Petitioner can show that he is entitled to statutory tolling under § 2244 (d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010). It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against

---

[2] While the Petitioner alleges that he filed this writ on February 22, 2022, the Court of Appeals docket lists the date of filing as March 1, 2022. Either filing date would lead to the same result as the petition being untimely.

the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003)(quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).

In his response addressing the timeliness of his § 2254 petition, the Petitioner states that several extraordinary circumstances existed which prevented the timely filing of his § 2254 petition. [Doc. 6]. First, the Petitioner states that the attorney appointed to him by the North Carolina Court of Appeals was from Pennsylvania, was dealing with personal problems, and wrongfully advised the Petitioner that he had until May 10, 2023 in which to file under the AEDPA. [Id.]. The Petitioner also alleges that COVID-19 caused a delay in filing, as he had COVID-19 several times in the preceding year. [Id.].

The Petitioner's response fails to establish that he is entitled to any statutory tolling under § 2244(d)(1)(B)-(D) or that equitable tolling applies to excuse the untimeliness of his § 2254 petition. The fact that the Petitioner may have received improper advice about the time in which to seek review under the AEDPA does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling. See Garcia Negrete v. United States, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020)(attorney misadvice, lack of legal knowledge, and lack of law library

access do not warrant equitable tolling); Lawrence v. Florida, 549 U.S. 327, 336-337 (2007)("[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling..."); Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003)("a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding")(quoting Harris v. Hutchinson, 209 F.3d 325, 331 (4th Cir. 2000)).

The Petitioner's complaints regarding COVI-19 also fail to constitute extraordinary circumstances to justify the application of equitable tolling. The Petitioner's claims are vague and conclusory and he fails to demonstrate that his untimely filing was directly related to COVID-19. See Day v. White, 2022 WL 4585522, *5 n.9 (E.D. Va. Sept. 29, 2022)(noting that the COVID-19 pandemic does not automatically warrant equitable tolling); United States v. Taylor, 22 F. App'x 226 (4th Cir. 2001)(conclusory allegations were insufficient to equitably toll the statute of limitations).

The Petitioner fails to show that he diligently pursued his rights and cannot satisfy his burden for equitable tolling to demonstrate good cause for the late filing of his § 2254 petition. As such, the § 2254 petition shall be dismissed as untimely.

6

Case 1:23-cv-00128-MR   Document 7   Filed 01/12/24   Page 6 of 7

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)(noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000)(holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**.

2. The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: January 11, 2024

Martin Reidinger
Chief United States District Judge

7

Case 1:23-cv-00128-MR   Document 7   Filed 01/12/24   Page 7 of 7